■ FEDERAL INSURANCE COMPANY, as Subrogee of RUBY KNIT CO., INC., and Others, et al., Respondents, v WHALE REALTY CORP. et al., Respondents. (Action No. 1.) WHALE REALTY CORP., Appellant, v AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Respondent, et al., Defendant. AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Third-Party Plaintiff-Respondent, v PETROLEUM HEAT & POWER CO., INC., Third-Party Defendant-Respondent. (Action No. 2.) LUCKY INTERNATIONAL Co. et al., Respondents, v WHALE REALTY CORP. et al., Respondents. (Action No. 3.)—Order, Supreme Court, New York County, entered January 12, 1978 ordering consolidation, is unanimously affirmed, with $40 costs and disbursements of this appeal payable by appellant to defendant-respondent American Guarantee. The various claims are sufficiently related—all arising out of the same water damage occurrence—and have sufficient common questions of law or fact so that in the interest of judicial economy they should be consolidated. The presence of insurance will not become more obvious or prejudicial by reason

of the consolidation. Insurance companies are parties by name in appellant's Action No. 2, and the third-party claim in that action as well as in Action No. 1. We do not preclude the possibility that the trial court may in the exercise of its discretion and in the interests of simplification or justice order a separate trial of any issues that may not affect other parties and may be dispositive of any particular claim (CPLR 603). But the entire complex of disputes should be administered in one court. Concur—Birns, J. P., Silverman, Lane, Yesawich and Sandler, JJ.